UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
AUSTIN DIVISION
2003 MY 15 AM 11: 20

WESTERN DISTRICT
U.S. CLERK'S OFFICE

BY:_____
DEPUTY

JANE DOE, §
   *Plaintiff,* §
§
v. § CIVIL ACTION NO. A 03 CA 260 SS
§
THE UNIVERSITY OF TEXAS and §
SELLERS BAILEY, III, Individually and §
in his Official Capacity, §
   *Defendants.* §

## DEFENDANT THE UNIVERSITY OF TEXAS' MOTION TO DISMISS

TO THE HONORABLE SAM SPARKS:

Defendant, The University of Texas ("UT"), files this Motion to Dismiss pursuant to Rules 12 (b)(1) and 12 (b)(6) of the Federal Rules of Civil Procedure and would respectfully show as follows:

## I.
## INTRODUCTION

Plaintiff, Jane Doe, alleges that she was sexually assaulted by a UT police officer, Sellers Bailey, III, while she was a student at UT. Plaintiff contends that Defendant UT violated her civil rights under 42 U.S.C. § 1983 ("Section 1983") through its "policy or policies and/or . . . custom or customs . . . that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, including failing to properly and adequately train, monitor, investigate, discipline, or take other necessary action to address sexual harassment and/or assaults by University employees." Plaintiff's Complaint at ¶ 26. Plaintiff further alleges that Defendant UT is liable to Plaintiff for tortious assault and negligence. Plaintiff's Complaint at ¶¶ 30-33.

Defendant UT is entitled to Eleventh Amendment immunity from Plaintiff's 1983 claim and her state law claims. Therefore, this Court lacks subject matter jurisdiction over Plaintiff's claims as a matter of law. Additionally, Plaintiff fails to state a claim upon which relief can be granted under Section 1983 against Defendant UT because a governmental entity is not a "person" under Section 1983. Accordingly, Defendant UT moves this Court to dismiss Plaintiff's claims against Defendant UT.

## II.
## STANDARD FOR DISMISSAL

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court accepts the complaint's well-pleaded factual allegations as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). However, in order to avoid dismissal for lack of subject matter jurisdiction, a plaintiff must plead specific facts, not mere conclusory allegations. *Id.* A court does not accept as true conclusory allegations and unwarranted deductions of fact. *Id.* Notably, the burden of proof for a Rule 12(b)(1) motion to dismiss is on the party *asserting* jurisdiction. *See Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Ultimately, the court should grant the motion to dismiss for lack of subject matter jurisdiction when it is clear that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

The Federal Rules of Civil Procedure also permit dismissal of a claim if a plaintiff fails "to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). Dismissal under Rule 12(b)(6) "is appropriate only if there is no set of facts that could be proven consistent with the

allegations in the complaint that would entitle the plaintiff to relief." *Power Entm't, Inc. v. National Football League Props., Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). When ruling on a motion to dismiss, the court "must accept all well-pleaded facts as true, and ... view them in a light most favorable to the plaintiff." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir.1995).

## III.
## ARGUMENT AND AUTHORITIES

### A. THE STATE'S ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S SECTION 1983 CLAIM AGAINST DEFENDANT UT.

In her Complaint, Plaintiff alleges that she is bringing suit under 42 U.S.C. § 1983 for violation of her constitutional rights. *See* Plaintiff's Complaint at ¶¶ 4, 24-29. Because Defendant UT is entitled to immunity from Plaintiff's claim under Section 1983, this Court lacks subject matter jurisdiction.

It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). For Eleventh Amendment immunity purposes, a suit against a state agency is a suit against the state. *Pennhurst*, 465 U.S. at 100. Congress may, however, abrogate a state's sovereign immunity under the Eleventh Amendment. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 80 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55 (1996). Likewise, a state may waive its immunity to suit in federal court. *Port Authority Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990); *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985). In order to waive its immunity to suit in federal court, however, a state "must specify [its] intention to subject itself to suit in *federal*

*court.*"[1] *Feeney*, 495 U.S. at 306 (quoting *Atascadero*, 473 U.S. at 241) (emphasis in original).

Defendant UT, as a component institution of the University of Texas System, is an arm of the State of Texas. *See* TEX. EDUC. CODE § 67.02. Federal courts have consistently accorded Eleventh Amendment protection to Texas state universities. *Texas, ex rel. Bd. of Regents of Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 820 n. 10 (5th Cir. 1998) (UT Health Science Center and Board of Regents may claim Eleventh Amendment immunity) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429-31, 117 S.Ct. 900, 903-04 (1997), and *United Carolina Bank v. Board of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556-561 (5th Cir. Unit A 1981)), *cert. denied*, 525 U.S. 1102, 119 S.Ct. 865 (1999). *See also, Richardson v. Southern Univ.*, 118 F.3d 450, 453 (5th Cir. 1997); *Idoux v. Lamar Univ. Sys.*, 817 F. Supp. 637, 639-40 (E.D. Tex. 1993) ("Because Lamar University is a part of the state, the Eleventh Amendment bars the Plaintiff from bringing any action against Lamar."). Therefore, Defendant UT is entitled to Eleventh Amendment immunity unless such immunity has been waived by a valid exercise of Congressional or state legislative action.

Congress has not expressly abrogated the states' sovereign immunity for § 1983 lawsuits. *Quern v. Jordan*, 440 U.S. 332, 340-55 (1979) (holding that §1983 does not abrogate the states' "Eleventh Amendment" sovereign immunity); *Clark v. Tarrant County, Texas*, 798 F.2d 736, 745 (5th Cir. 1986) ("While Title VII generally overrides the Eleventh Amendment ... § 1983 does not"). Nor has Texas waived its immunity to suit in federal court under the civil rights statutes. *Aguilar v. Texas Dept. of Crim. Justice, Inst. Div.*, 160 F.3d 1052, 1054 (5th Cir. 1998), *cert. denied*, 528 U.S. 851, 120 S.Ct. 130

---

[1] A particularly strict standard applies: immunity to suit in federal court is waived only by "the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Feeney*, 495 U.S. at 305-06.

4

(1999); *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 875 n. 9 (5th Cir. 1991). Consequently, this Court lacks jurisdiction over Plaintiff's § 1983 claim against Defendant UT.

Moreover, quite apart from Eleventh Amendment considerations, Plaintiff fails to state a claim against Defendant UT because a governmental entity is not a "person" in the § 1983 context. *See Hafer v. Melo*, 502 U.S. 21, 22-23 (1991); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Pennhurst*, 465 U.S. at 101. "Persons" are the only entities contemplated by section § 1983. *Id.* State agencies such as Defendant UT are not "persons" for § 1983 purposes. *Id.* Thus, Plaintiff cannot, as a matter of law, state a viable claim for relief under § 1983 against Defendant UT. Accordingly, this Court should dismiss Plaintiff's Section 1983 claim against Defendant UT.

> **B.    THE STATE'S ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST DEFENDANT UT.**

In her Complaint, Plaintiff names UT as a Defendant with respect to her state law claims for tortious assault and negligence. *See* Plaintiff's Complaint at ¶¶ 30-33. Because Eleventh Amendment immunity bars *any* state law claim against the State in federal court, this Court lacks subject matter jurisdiction over Plaintiff's state law claims against Defendant UT.

Eleventh Amendment immunity deprives a federal court of jurisdiction over any state law claim against a state university. "[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106, 104 S.Ct. at 911. The Plaintiff cannot evade this bar by pleading "pendent" or "supplemental" jurisdiction. *See Pennhurst*, 465 U.S. at 120-21. Nor can the Plaintiff rely on the Texas Tort Claims

Act's waiver of sovereign immunity in state court to overcome Eleventh Amendment immunity in federal court. *See Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996); *see Pennhurst*, 465 U.S. at 99 n. 9 ("[A] State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts.").[2] Accordingly, this Court lacks subject matter jurisdiction over Plaintiff's state law claims against Defendant UT.

## IV.
## CONCLUSION

Plaintiff's claims against Defendant The University of Texas are barred by Eleventh Amendment immunity. Additionally, Plaintiff fails to state a claim against Defendant UT upon which relief can be granted under Section 1983 because a governmental entity is not a "person" under Section 1983. Therefore, Defendant The University of Texas respectfully requests this Court to dismiss Plaintiff's claims against it and for such other further relief to which it may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

JEFFREY S. BOYD
Deputy Attorney General for Litigation

---

[2] Even if Plaintiff could rely on the Texas Tort Claims Act's waiver of sovereign immunity, such waiver would not apply to the claims asserted by Plaintiff in this case. With regard to Plaintiff's claim for tortious assault, the Texas Tort Claims Act specifically provides that sovereign immunity is not waived for any claim "arising out of assault, battery, false imprisonment, or any other intentional tort...." § 101.057 (2), TEX. CIV. PRAC. & REM. CODE. Further, with regard to Plaintiff's negligence claim, "[e]ven if a claim is not barred by the intentional tort exception of section 101.057, immunity from suit is not waived unless the plaintiff has alleged facts that state a claim within the TTCA's immunity waiver...." *Tarrant County Hosp. Dist. v. Henry*, 52 S.W.3d 434, 440-42 (Tex. App.–Fort Worth 2001, no writ). Plaintiff's claim for negligence does not fall within the limited waivers of sovereign immunity set forth in the Texas Tort Claims Act.

ROBERT O'KEEFE, Acting Chief
General Litigation Division

_____
CHRISTI COBB
Assistant Attorney General
Texas Bar No. 00796371
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 475-4271
Fax: (512) 320-0667

**ATTORNEYS FOR DEFENDANT
THE UNIVERSITY OF TEXAS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent by U.S. certified mail, return receipt requested, on May 15, 2003, to:

Derek A. Howard
Howard & Kobelan
100 Congress, Suite 1720
Austin, Texas 78701

_____
CHRISTI COBB
Assistant Attorney General