

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE | § | |
|    Plaintiff | § | |
| | § | |
| V. | § | CAUSE NO. A 03 CA 260 SS |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| AND SELLERS BAILEY, III, | § | |
| INDIVIDUALLY AND IN HIS | § | |
| OFFICIAL CAPACITY | § | |
|    Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Jane Doe ("Doe"), files this Response to the Motion to Dismiss filed by Defendant, University of Texas (the "University") and would respectfully show the Court as follows:

### I. Introduction

This case involves the outrageous conduct of a University police officer, Defendant Sellers Bailey, III ("Bailey"), who forced Plaintiff, a female University student, to perform oral sex on him after he had taken Plaintiff into his custody following a minor traffic accident. At the time of the sexual assault, which took place in a University-owned police car in a University parking garage, Defendant Bailey was on duty, in uniform, and armed with a University-owned gun. Equally appalling, officials of the University previously had received serious sexual harassment complaints of an disturbingly similar nature against Bailey made by a female University employee. Not only did University officials fail to take disciplinary action against Bailey, University officials fired the female employee who reported the sexual harassment. Criminal charges of sexual assault (Nos. 9024163 and 5010194) are currently pending against Defendant Bailey in Travis County District Court.

## II. Plaintiff's Civil Rights Claims

Against this backdrop of extremely offensive conduct by University employees and officials, this case demonstrates the complexities of legal "fictions," "theories," and "tensions inherent in our system of federalism" that have developed in the area of constitutional and civil rights case law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 114 and 123; 104 S.Ct. 900, 915 and 920 (1984). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), and *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908).

In order to address these legal "fictions," Plaintiff requests leave to amend to file Plaintiff's First Amended Complaint. Although Plaintiff's Original Complaint provides ample notice of Plaintiff's claims against the University, its officials and employees, and seeks both monetary damages and injunctive relief, Plaintiff seeks leave to amend and clarify Plaintiff's complaint to include Section 1983 claims against defendants the President of the University and the University's Chief of Police.

Plaintiff seeks injunctive or prospective relief only against these individual defendants in their official capacity. Accordingly, such claims are not barred by the Eleventh Amendment. *See Scheuer*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1687 (1974), *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441 (1908). Additionally, these defendants in their official capacity constitute "persons" under Section 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. at 71, 109 S.Ct. at 2312 (fn. 10). Plaintiff's section 1983 claims for monetary relief against these defendants are brought against these individuals in their individual capacity. Accordingly, these claims also satisfy the "person" requirement of section 1983 and are not barred by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 365 (1991); *Hays County Guardian v. Supple*, 962 F.2d 111 (5th Cir. 1992).

### III. Plaintiff's State Law Claims

As evidenced by the large numbers of civil rights cases filed in federal courts, 42 U.S.C.A. 1983 clearly confers original jurisdiction on this Court pursuant to 28 U.S.C. 1331, which provides federal courts with "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's lawsuit was filed in this federal court in good faith, and, in fact, had Plaintiff filed this action in state court, Defendants almost certainly would have sought removal under 28 U.S.C.A. 1441. Plaintiff and Plaintiff's counsel had no intent, whatsoever, to disregard proper jurisdiction.

Nonetheless, Plaintiff's case may demonstrate the problems of judicial economy and the need for bifurcation of claims anticipated in *Pennhurst*. *See* 465 U.S. at 122, 104 S.Ct. at 920. While supplemental jurisdiction of related state tort claims is normally mandatory under 28 U.S.C.A. 1367(a), and is common in civil rights cases, *see e.g. McLaurin v. F.C. Prater*, 30 F.3d 982 (8th Cir. 1994), the Supreme Court recently expressly held that the supplemental jurisdiction statute "does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542, 122 S.Ct. 999, 1006 (2002). Accordingly, Plaintiff acknowledges that Plaintiff's state law tort claims may be subject to dismissal for lack of jurisdiction.

In order to protect Plaintiff's rights to re-file in state court, however, Plaintiff respectfully requests that in the event this Court find that Plaintiff's state law claims should be dismissed, this Court specifically find and state that Plaintiff's state law claims are dismissed because of a lack of jurisdiction and without prejudice.[1] *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996); *Piotrowski v. City of Houston*, 51 F.3d 512, 518 (5th Cir. 1995); and *Williams v. Dallas*

---

[1] Because of this Court's apparent lack of jurisdiction over Plaintiff's tort claims, Defendant's arguments relating to waiver of sovereign immunity under the Texas Tort Claims Act may properly be adjudicated by a state court considering those claims.

*County Comm'rs*, 689 F.2d 1212, 1215 (5th Cir. 1982). *See also* Tex. Civ. Prac. & Rem. Code section 16.064 (providing for tolling of limitations period where action is dismissed for lack of jurisdiction and re-filed in appropriate court). Plaintiff further respectfully requests that this Court find that Plaintiff filed these claims in this Court in good faith and with no intentional disregard of proper jurisdiction. In order to preserve Plaintiff's right to re-file Plaintiff's state law claims against Defendant, the University, Plaintiff specifically states that she does not voluntarily dismiss her state law claims against the University or in any other way relinquish her right to proceed against the Defendant University for state law claims in a court of appropriate jurisdiction. *See* § 16.064, Tex. Civ. Prac. & Rem. Code.

### IV. Conclusion

This case presents both difficult issues of law and disturbing issues of fact. While Plaintiff continues to wait for justice in the form of the criminal prosecution of Defendant Bailey, she seeks redress of the egregious violations of her civil and personal rights through this civil action. Plaintiff respectfully requests that this Court grant Plaintiff leave to amend to file Plaintiff's First Amended Complaint and that any dismissal of Plaintiff's state law tort claims state that the dismissal is for lack of jurisdiction and without prejudice.

                                            Respectfully submitted,

                                            **HOWARD & KOBELAN**
                                            Attorneys at Law
                                            100 Congress, Suite 1720
                                            Austin, Texas 78701
                                            (512) 480-9300
                                            (512) 480-9374 (Facsimile)

                                            By: <u>Signature on File with the U.S. District Clerk</u>
                                                   Derek A. Howard

State Bar No. 10064600
Robert W. Schmidt
State Bar No. 17775429

## ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the above and foregoing document has been forwarded via First Class US Mail to the following on this 16th day of June, 2003:

ATTORNEY FOR DEFENDANT
Linda Halpern
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 fax