FILED
JUN 1⦸/2003
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE § | |
| Plaintiff § | |
| § | |
| V. § | CAUSE NO. A 03 CA 260 SS |
| § | |
| LARRY R. FAULKNER, § | |
| JEFFREY VAN SLYKE, § | |
| AND SELLERS BAILEY, III, § | |
| INDIVIDUALLY AND IN THEIR § | |
| OFFICIAL CAPACITIES § | |
| Defendants. § | |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT comes now Plaintiff, Jane Doe, complaining of Larry R. Faulkner, Jeffrey Van Slyke, and Sellars Bailey, III, Defendants, individually and in their official capacities, and for causes of action would show the Court and jury as follows:

### I. Parties

1. Plaintiff Jane Doe is a resident of the State of Texas and at all times mentioned was a resident of the City of Round Rock, Williamson County, Texas. Plaintiff's actual name is not used in this complaint in order to preserve her privacy in a matter of a highly sensitive and personal nature.

2. Defendant Larry R. Faulkner ("Faulker") is an individual who is the President of the University of Texas at Austin, and who may be served at the University of Texas at Austin (the "University"), Main Building Room 400 (G3400), Austin, Texas 78713-8920. At all times

10

mentioned in this complaint, Faulkner was the President and was employed by the University. Plaintiff sues Faulkner in his individual and official capacity.

3.  Defendant Jeffrey Van Slyke ("Van Slyke") is an individual who is the Chief of Police at the University of Texas at Austin, and may be served at the University of Texas at Austin, 2201 Robert Dedman St., Austin, Texas 78713. At all times mentioned in this complaint, Van Slyke was the Chief of Police and was employed by the University. Plaintiff sues Van Slyke in his individual and official capacity.

4.  Defendant Sellars Bailey, III, ("Bailey") is an individual whose residence is located in Austin, Texas. At all times mentioned in this complaint, Bailey was a police officer employed by the University. Plaintiff sues Bailey in his individual and official capacity.

## II. Jurisdiction/Venue

5.  This action arises under the Constitution of the United States, particularly the Fourth Amendment to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C.§ 1983. As such, jurisdiction of this Court is invoked pursuant to 42 U.S.C. §§ 1331 and 1343.

6.  Venue is proper in the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391 because the events establishing the basis for Plaintiffs' causes of action occurred within the Western District, Austin Division.

## III. Facts

7.  From August 2000 to September 2002, Plaintiff was a student at the University.

8.  On or about April 30, 2001, at approximately 3:37 p.m., Plaintiff was driving an automobile on the University campus and was involved in a minor traffic accident in which she

accidentally hit a stop sign located on a curb.

9. A University employee at a security gate very near the scene of the accident gestured to Plaintiff that he had seen the accident. Plaintiff assumed that the University police had been called and waited in her car at the scene of the accident.

10. Approximately 10 minutes after the accident, Defendant Bailey, who was working as a University police officer, arrived at the accident scene in a University police patrol car. Bailey got out of his police car, approached Plaintiff, and began talking to Plaintiff while she remained in her car. Bailey wore a police uniform and carried a loaded gun.

11. Bailey's first comment spoken to Plaintiff was to the effect that "I'm glad I got this call." Plaintiff told Bailey what had happened relating to the accident, and Bailey told Plaintiff that it was necessary for her to follow him in her car. Bailey then drove in his University police car a short distance to a nearby parking area located on the University campus. Plaintiff followed Bailey in her car.

12. At the parking area, Bailey instructed Plaintiff to park her car and get into his police car, which she did. Plaintiff believed Bailey was taking her to the University police station, but Bailey instead drove Plaintiff to a nearby campus parking garage.

13. When Bailey drove Plaintiff into the parking garage, Plaintiff began feeling frightened and apprehensive because she did not believe there was any legitimate reason that Bailey would need to take her in this parking garage. Plaintiff noticed signs indicating there were cameras in the parking garage and pointed them out to Bailey. Bailey did not respond and said nothing to Plaintiff while he drove up the levels of the garage. As Bailey drove up the levels of the parking garage in silence, Plaintiff's apprehension turned to abject terror as she feared for her physical safety and her

life.

14. At the fifth level of the parking garage, where there were no other occupied vehicles or persons in sight, Bailey parked the car. He immediately began rubbing his penis through his pants. Bailey then unzipped his pants and exposed his erect penis to Plaintiff. Bailey did not say anything to Plaintiff. Bailey, who is a muscular and stocky man, quickly and forcefully grabbed Plaintiff, who is petite and slender in build. Bailey forcefully yanked Plaintiff towards him forcing Plaintiff's face down to his penis. Plaintiff continued to be in fear for her life. Bailey forcefully grabbed the back of Plaintiff's head, forcing his penis into Plaintiff's mouth and forcing her to perform oral sex. Bailey ejaculated in Plaintiff's mouth and on her face.

15. After ejaculating in Plaintiff's mouth and on her face, Bailey then pulled a paper towel from the police car's glove box and handed a piece of the paper towel to Plaintiff. Plaintiff wiped her face and spit Bailey's semen into the paper towel. Bailey took the paper towel from Plaintiff and wiped his penis with a paper towel.

16. After the sexual assault, Bailey drove Plaintiff out of the parking garage. On his way out of the garage, Bailey stopped at a yellow trash can located in the garage. Bailey threw the paper towels that he had used to wipe his penis and that Plaintiff had used to wipe her face and spit out Bailey's semen.

17. Bailey left the parking garage, drove Plaintiff to her automobile, and let her out of the police car. During this automobile ride and as Bailey let Plaintiff out of the police car, Bailey did not say anything to Plaintiff.

18. After Bailey drove away, Plaintiff immediately drove her vehicle to the location of the trash can in the parking garage and retrieved the paper towels that Bailey had thrown away and

that had been used in the assault.

19. After retrieving the towels as evidence, Plaintiff immediately went to the University's Student Services Building and reported that she had been sexually assaulted by a University police officer. Plaintiff was interviewed by a female University police officer and gave the paper towels to the officer. Plaintiff did not know Bailey's name at the time, but described Bailey as a black male, stocky build with short, close cut hair, approximately 5'8" and 30 years of age. Plaintiff was taken to St. David's Hospital for examination.

20. Upon information and belief, in or about October 1999, prior to Bailey's sexual assault against Plaintiff but while Bailey worked as a police officer for the University, Bailey was the subject of a serious sexual harassment complaint. A female security guard employed by the University, whose identity is unknown, filed a complaint alleging that Bailey took her in his University police car on a "tour of off-campus buildings." The complaint alleged that while in the police car, Bailey asked the female security guard to photograph her breasts and genitals and show the pictures to him, propositioned her for a "threesome," and asked her if she would like to see pictures of his genitals. The female security guard refused Bailey's advances. She stated in the complaint that as Bailey drove her around North Austin neighborhoods, she was in grave fear that Bailey was going to rape her. She also stated that Bailey kept pornographic photos of women on or in his locker while working at the University. University administrators, including Defendant Van Slyke, allegedly investigated and considered the female security guard's complaint, concluded that the allegations were unfounded, and fired the woman.

21. Defendants Van Slyke and Faulkner did not properly or adequately train, monitor, investigate, discipline, or take other necessary action to address sexual harassment and/or assaults

by University employees, including Bailey.

22. Despite having notice of credible allegations of sexual harassment against Bailey and notice that Bailey kept pornography in a visible place on University property, Defendants Van Slyke and/or Faulkner failed to act in a reasonable manner to address sexual harassment and assaults by University employees, including Bailey.

23. Plaintiff has been extremely traumatized by Bailey's sexual assault and has experienced severe pain, emotional distress, and anxiety.

## IV. Violation of Constitutional Rights

24. Plaintiff reincorporates and realleges the preceding paragraphs as if expressly set forth at length.

25. At all times mentioned in this complaint, Defendants Faulkner, Van Sykes, and Bailey acted under color of the laws, statutes, policies, customs, and usages of the University and/or the State of Texas.

26. Defendants Van Slyke and/or Faulkner had a policy or policies and/or a custom or customs in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals, including failure to properly and adequately train, monitor, investigate, discipline, or take other necessary action to address sexual harassment and/or assaults by University employees.

27. Defendants' exercise of these established policies and/or customs violated the Plaintiff's clearly established rights under the United States Constitution.

28. Defendants acted willfully, deliberately, maliciously, or with reckless disregard for the Plaintiff's constitutional rights.

29. The aforementioned facts demonstrate that Defendants deliberately and intentionally violated Plaintiff's civil rights in violation of 42 U.S.C. § 1983.

## V. Damages

30. As a result of Defendants' conduct, Plaintiff has suffered serious and substantial damages, including but not limited to severe emotional distress, damage to reputation, lost earnings, costs of court, legal expenses and attorneys fees. Plaintiff seeks monetary damages against Defendants in their individual capacities only.

31. Plaintiff seeks prospective and/or injunctive relief against Defendants Faulkner and Van Slyke, in their official capacities, to prevent sexual harassment, assaults, and/or future violations of civil rights by University employees and officials.

32. To the extent permitted by law, Plaintiff seeks punitive damages against Defendants, in their individual capacities only, and all other damages or remedies to which Plaintiff is entitled.

## VI. Jury Demand

34. Plaintiff requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer here, and upon final hearing by trial to a jury hereof, Plaintiff has judgment awarding damages as set forth in this Complaint and such other and further relief to which Plaintiff may show herself justly entitled.

Respectfully submitted,

**HOWARD & KOBELAN**
Attorneys at Law
100 Congress, Suite 1720
Austin, Texas 78701
(512) 480-9300
(512) 480-9374 (Facsimile)


By: <u>Signature on File with the U.S. District Clerk</u>
    Derek A. Howard
    State Bar No. 10064600
    Robert W. Schmidt
    State Bar No. 17775429

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

By my signature above, I certify that a true and correct copy of the above and foregoing document has been forwarded via First Class US Mail to the following on this 16th day of June, 2003:

ATTORNEY FOR DEFENDANT
Linda Halpern
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 fax